UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHRISTINA FARLOUGH, as Administrator
of the Estate of Randall Sharp,                                    Plaintiff,

v.                                                Civil Action No. 3:14-cv-50-DJH-CHL

AVDIJA HUSKIC, et al.,                                          Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Randall Sharp died in a tractor-trailer accident involving Defendant Avdija Huskic, an employee of Defendant FE Express, LLC. Plaintiff Christina Farlough, as administrator of Sharp's estate, alleges that Huskic negligently caused Sharp's death. (Docket No. 1-4, PageID # 25) The matter is set for trial on July 31, 2017. (D.N. 45) Huskic and FE Express have filed motions in limine seeking to exclude certain evidence that may be offered by Farlough. (D.N. 50) For the reasons explained below, the motions will be granted in part and denied in part.

**I.      Motion to Exclude Earnings Documentation**

The defendants first move to exclude documents identified by Farlough as evidence of Sharp's earnings: a Social Security earnings report and 1099s, a spreadsheet, and an employment contract from Sharp's employer, MB Global Logistics, Inc. (D.N. 50, PageID # 161-70) With respect to the MB Global documents, the defendants' motion is premised on the assumption that no corporate representative will be present at trial to authenticate and introduce them. (*Id.*, PageID # 165) Farlough concedes that without authentication by an MB Global representative, the documents are inadmissible, but she notes that the necessary "foundation may yet be laid at trial." (D.N. 51, PageID # 349) The Court will therefore defer ruling as to the MB Global documents.

1

With respect to the Social Security earnings report, Farlough maintains that no witness is necessary. (*Id.*, PageID # 347-78) Pointing to the defendants' acknowledgment that the report "is authenticated as a public record under FRE 901(7)," Farlough argues that the document is admissible under the public-records exception to the hearsay rule. (D.N. 50, PageID # 163; *see* D.N. 51, PageID # 348) Pursuant to Federal Rule of Evidence 803(8), "[a] record or statement of a public office" is not excluded by the rule against hearsay if

> (A)  it sets out:
>   (i)  the office[']s activities;
>   (ii) a matter observed while under a legal duty to report . . . ; or
>   (iii) in a civil case . . . , factual findings from a legally authorized investigation; and
> (B)  the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(8). Farlough asserts that the Social Security document at issue here is admissible under Rule 803(8)(A)(i) because "recording the reported earnings of an individual, such as Mr. Sharp, is part of the duties of the [Social Security Administration]." (D.N. 51, PageID # 347) But the document does not "set[] out . . . the [SSA's] activities"; rather, as the defendants observe, it is merely "a summary of information reported by employers."[1] (D.N. 50, PageID # 163) In other words, "the information [contained in the report] was not generated by the SSA" (*id.*) and does not reflect actions taken by the SSA. The report will therefore be excluded pursuant to Federal Rule of Evidence 802.

## II. Motion to Exclude Expert Testimony

Farlough agrees that the defendants' motion to exclude expert testimony may be granted with respect to all but one of her disclosed experts: Avdija Huskic. (D.N. 51, PageID # 349-50) Farlough maintains that she "is entitled to qualify Mr. Huskic as an expert" notwithstanding his

---

[1] Farlough does not contest this characterization. (*See* D.N. 51, PageID # 347)

2

status as an adverse party. (*Id.*) She cites no authority in support of this contention, and the Court is aware of none.

In her expert disclosures, Farlough simply stated that Huskic "is expected to testify concerning the underlying collision and his observations, his actions immediately prior to, during, and after the accident, and to testify regarding his specialized knowledge obtained through his experience as a truck driver, including standards of safe trucking." (D.N. 35, PageID # 125) This brief, nonspecific description does not satisfy Rule 26's requirement of "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii). Thus, as an initial matter, Farlough may not use Huskic as an expert because she "fail[ed] to provide information or identify a witness as required by Rule 26(a)." Fed. R. Civ. P. 37(c)(1).

Nor is the Court convinced that a party may conscript her opponent to testify as an expert on her behalf. *Cf.* Fed. R. Civ. P. 45(d)(3)(B)(ii) (court may quash subpoena that requires "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party"); *Morrison v. Quest Diagnostics, Inc.*, 315 F.R.D. 351, 357 (D. Nev. 2016) ("[T]he court has no authority to compel a witness to serve as an involuntary expert witness for a party, or to provide uncompensated expert opinions."). Even if this were technically permissible, it would no doubt be confusing to the jury. And the probative value of the testimony would likely be limited; Farlough's vague reference to "standards of safe trucking" does not indicate how Huskic's knowledge or opinions would support her case. *See* Fed. R. Evid. 401, 403. Moreover, the defendants point out that Huskic is no longer a truck driver and thus "his knowledge of the [current] standards of safe trucking may or may not be accurate" (D.N. 50, PageID # 171),

thereby calling into question his qualifications as an expert. *See* Fed. R. Evid. 702. For all these reasons, Farlough may not attempt to introduce expert testimony through Huskic.

## III. Motion to Exclude Evidence Pertaining to Actions of FE Express

The defendants also move to exclude any evidence offered to prove negligence on the part of FE Express, as FE Express's only potential liability in this case is vicarious liability for Huskic's actions. (*Id.*, PageID # 175-76; *see* D.N. 1-4, PageID # 24-26) Farlough contends that such evidence is properly admitted to establish negligence by Huskic and "ratification of [Huskic's] conduct" by FE Express. (D.N. 51, PageID # 350) The Court fails to see how evidence that FE Express "approved [Huskic's] course of action via telephone" is relevant to prove that Huskic was negligent. (*Id.*) However, evidence that FE Express "authorized or ratified or should have anticipated" Huskic's actions is necessary for Farlough to recover punitive damages from FE Express. Ky. Rev. Stat. § 411.184(3); *see Univ. Med. Ctr., Inc. v. Beglin*, 375 S.W.3d 783, 793-94 (Ky. 2011). To the extent Farlough seeks to introduce the evidence for this discrete purpose, it will be permitted.

## IV. Motion to Limit Testimony of Farlough Regarding Her Relationship with Sharp

The defendants next seek to "limit statements regarding [Farlough's] feelings for her uncle or her feelings about his loss" on the ground that such statements would only serve to elicit sympathy from the jury. (D.N. 50, PageID # 176; *see id.*, PageID # 177) Farlough agrees that testimony meant to evoke sympathy is properly excluded but asks the Court not to completely bar references to the relationship between her and Sharp. (D.N. 51, PageID # 351) The Court will permit incidental references to the fact that Sharp and Farlough were uncle and niece; however, further statements regarding the nature of their relationship or about how Farlough has been affected by his death will be excluded as irrelevant.

## V. Motion to Exclude Testimony by Farlough About the Accident

The defendants seek to preclude introduction of testimony regarding Farlough's discussions with the coroner and a state trooper about the accident. (D.N. 50, PageID # 177-78) They identify portions of Farlough's deposition that they find objectionable, including testimony by Farlough

> that she was told that Mr. Huskic was traveling 10 miles per hour on the interstate, that it is illegal in Kentucky to drive below the posted speed limit, and that the angle of impact between the two vehicles makes it clear that Mr. Sharp was alert and awake prior to the accident. Additionally, according to Ms. Farlough, the coroner and troopers told her that, based upon the angle of impact, Mr. Sharp knew that he would be killed or badly injured when he swerved to the right, but that he saved the lives of other motorists who would have been hit if he swerved to the left.

(*Id.*, PageID # 177; *see* D.N. 50-2, PageID # 205-07) Farlough further testified "that the coroner told her that her uncle may have been conscious after the accident, and that there was a preacher who stopped and prayed with him." (D.N. 50, PageID # 178; *see* D.N. 50-2, PageID # 218)

Farlough concedes that she lacks personal knowledge regarding the accident but argues that "[t]o the extent she has independently investigated the collision (as part of her responsibilities as administratrix), she should be allowed to testify as to the conclusions of her internal investigation." (D.N. 51, PageID # 351) She "asks that this motion be denied to the extent it prevents the duly appointed administratrix from testifying to information obtained in the course of performing her duties, so long as that information is not objectionable hearsay." (*Id.*) It is unclear what sort of testimony Farlough contemplates that would fit this description. In any event, the testimony identified by the defendants constitutes inadmissible hearsay and will be excluded, as will any other testimony regarding statements made to Farlough about the accident and offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c).

**VI.    Motion to Exclude Deposition Testimony of Huskic**

Finally, the defendants identify three sections of Huskic's deposition—which was taken not in the instant case, but in his state-court action against Farlough—that they believe should be excluded: testimony that Huskic passed the CDL driving test on his third try; testimony that Huskic's regular driver's license was once suspended; and a heated exchange between Huskic and Farlough's counsel concerning how the accident affected the parties and Sharp. (D.N. 50, PageID # 178-79) Farlough does not object to exclusion of testimony about the suspension of Huskic's driver's license. (D.N. 51, PageID # 352) As to the number of attempts required for Huskic to pass the CDL test, however, Farlough asserts that

> [s]uch information goes directly to Mr. Huskic's qualifications and/or lack thereof to drive a commercial vehicle. The evidence is relevant because it establishes Mr. Huskic's history as a truck driver, and that he passed his driving test approximately ten (10) years prior to the collision, which tends to show he was an experienced driver and knew the requirements to drive a CDL vehicle.

(*Id.*, PageID # 351-52)

Huskic's level of experience as a truck driver can be established without reference to how many times he took the CDL test, and his "qualifications . . . to drive a commercial vehicle" are established by the simple fact that he possessed a commercial driver's license. Because Farlough has not shown that evidence as to the number of tries Huskic took to pass the CDL test is relevant, it will be excluded. *See* Fed. R. Evid. 402.

The exchange between Huskic and Farlough's counsel will likewise be excluded. The defendants offer the following excerpt as an example:

> Q.    Right. So you can understand what Ms. Farlough is going through, can't you?
>
> [Objection]

> A. But I never—I never did nothing wrong, sir. The person was trying to kill me actually. I could be maybe—if I was not making a—making a right turn, maybe I will flipped over and then some other truck or whoever will hit me, sir.
>
> Q. Well, I think you would agree with me that being treated and released in the emergency room is a little bit different than being thrown out and killed.

(D.N. 50, PageID # 179; *see* D.N. 50-8, PageID # 340-43) Farlough suggests that Huskic's statements to her counsel are relevant here because Huskic "vehemently denies fault" and he "cannot testify in one way when he is suing and another when he is sued." (D.N. 51, PageID # 352) But Huskic denies fault in this case as he did in the state-court action (*see* D.N. 1-3); the Court sees nothing inconsistent in his positions.

Having reviewed the deposition transcript, the Court agrees that any probative value Huskic's inflammatory statements may have is outweighed by the risk of unfair prejudice they present. This portion of the deposition will therefore be excluded pursuant to Federal Rule of Evidence 403.

**VII. Conclusion**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the defendants' motions in limine (D.N. 50) are **GRANTED** in part and **DENIED** in part. Specifically:

(1) The motion to exclude earnings documentation is **granted** as to the Social Security earnings report. With respect to the 1099s, spreadsheet, and employment contract from MB Global Logistics, ruling is **deferred** until trial. The motion is **granted** as to any other documents offered to prove Sharp's earnings or income. (*See* D.N. 51, PageID # 349)

(2) The motion to exclude expert testimony is **granted**.

(3) The motion to exclude evidence pertaining to actions of FE Express is **denied** with respect to evidence that FE Express authorized or ratified Huskic's actions that is offered to support Farlough's claim for punitive damages pursuant to Ky. Rev. Stat. § 411.184(3). The motion is **granted** to the extent such evidence is offered for any other purpose.

(4) The motion to limit testimony by Farlough regarding her relationship with Sharp is **granted**; incidental references to the fact that Sharp was Farlough's uncle will be permitted.

(5) The motion to exclude testimony by Farlough about the accident is **granted**.

(6) The motion to exclude deposition testimony of Huskic is **granted**.

July 5, 2017

**David J. Hale, Judge**
**United States District Court**